INTERSTATE COMMERCE COMMISSION, Plaintiff,

v.

Alexander L. VINCZE, an individual, O. K. Transfer Co., a corporation, Pioneer Truck Rentals, Inc., a corporation, and Drivers Service, Inc., a corporation, Defendants.

**Civ. No. 7777.**

United States District Court
D. Oregon.

Aug. 24, 1956.

---

carriage of goods by persons who are not common or contract carriers. Obviously enough, the person who contracts to rent a truck from an established concern such as Pioneer Truck Rentals, Inc., can assume the obligations required by that concern to assure them against loss or damage to the vehicle which is rented. There is no reason why a corporation cannot be engaged in the business of furnishing drivers to a private concern which is transporting its own goods by rented vehicle. There is no obligation upon the carrier of his own goods to hire his own truck driver, and the fact that he obtains one from Drivers Service, Inc., seems not to call for any particular comment. It is well known that a great many concerns and individuals have services furnished by corporations. This particular concern is not owned by Vincze and he has had no stock in it since June 25, 1955. It seems not to be beyond the pale of lawful conduct for such a service corporation likewise to assume all the liabilities of operating a truck. Since it was under the control of one of their drivers, it seems that this would be the normal method of operation. Furthermore, it seems obvious that a concern such as Pioneer Truck Rentals, Inc., would much rather have its rented trucks in the hands of the employees of Drivers Service, Inc., whom it knew and could trust, than in the hands of some driver selected by the person who was attempting to transport his own goods. If these two concerns were independently owned, there can be little doubt that cooperation between them would be normal and not irregular. The fact that, under these circumstances, one recommended the other would be normal rather than evidence of conspiracy. There is some suggestion that business was solicited by the same agent for both concerns, but the proof did not carry this out. The employment of a common agent for this purpose might indicate a tendency toward a unified operation in interstate commerce. There was an attempt to prove that a call to O. K. Transfer Co. would obtain the services of both truck and driver at a flat charge. However, on the present record, this is not supported.

C. E. Luckey, U. S. Atty., Robert R. Carney, Asst. U. S. Atty., Portland, Or., William L. Harrison, Atty., Bureau of Inquiry and Compliance, I.C.C., San Francisco, Cal., for plaintiff.

Maxwell & Goddard, Klamath Falls, Or., John M. Hickson, Portland, Or., for defendants.

JAMES ALGER FEE, Circuit Judge, sitting by special assignment.

There was not sufficient evidence introduced in this case to warrant an injunction at the present time. Congress has specifically provided for private

But there is evidence that a truck could be rented and the services of a driver obtained by calling Pioneer or Service. However, this alone does not at present require the issuance of an injunction. There was evidence in the record that a person who wished to rent a truck could employ his own drivers if he wished. There is no evidence that any agent made any of these deals at a "flat" cost. There is evidence, generally speaking, that the person intending to haul his own goods was required to make two contracts and pay by two checks to two separate corporations. There is some evidence of a total quotation in one case, and in another case of a total price for the operation, but this is not sufficient to indicate a general run of business. Some of the concerns transporting their own goods in this manner, such as Pacific States Steel and Gerlinger Carrier Company, used something which might be called a bill of lading, which was duly signed at the time of release of the goods by the concern sending them and by both Pioneer and Service. This is a circumstance which I consider does not have anything to do with the operation carried on by defendants or any of them. There is no question that the drivers were employed by Service, although the shipping concern could have employed its own drivers. The orders relating to the delivery of goods were apparently given to the drivers hired by Service at the Pioneer office, where Stan Johnston prepared the pick-up slips. There is some basis here for consideration of an integrated operation in interstate commerce. It would seem the logical method would have been for the shipper himself to have given the orders to Service, inasmuch as Service was assuming all of the obligations. However, this is a circumstance which is not conclusive that such was the intention and may merely have been an attempt upon the part of Pioneer to protect its equipment. However, the shipper who was actually intending to control his shipment should have dealt with the concern which was supplying the driver to control it and which was assuming the obligations of proper operation.

This leads to a consideration of the other defendants involved. O. K. Transfer Co. is operated by defendant Vincze. It has a license from the Interstate Commerce Commission, which is plaintiff in this case, and therefore falls under the jurisdiction of the Commission. It would seem therefore that the Commission has ample basis, if it can prove the allegations, to proceed against this corporation and impose the penalties necessary. If it is an illegal operation, then the courts should not be called upon to exercise functions which the Commission can exercise subject to review.

Defendant Vincze, however, is in a different situation. He has no license to operate himself in interstate commerce as a carrier. If by manipulation of these three corporations he were doing that, he would be guilty of a criminal offense. This has not been sufficiently proven to the Court at the present time and upon the record before us. There are many suspicious circumstances, and it would seem better to remove suspicion by Vincze no longer acting as agent for Pioneer or seeking to build up the business of that corporation. It might be better if he were totally divorced from the operation by sale of his stock in Pioneer, since it is shown that he is in actual operation of O. K. Transfer Co. Upon the present record, the Court finds that the proof is insufficient to issue an injunction. However, the case will not be dismissed.

Findings, conclusions and judgment may be prepared by the Commission in accordance with the opinion above. There will be a specific reservation that, if, at any time within the year ending December 31, 1957, more proof of an illegal activity is obtained to the satisfaction of the Commission involving Vincze or the other defendants, the cause will be reopened for further proceedings.